NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 5 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEVELFIELDS, INC., individually and on behalf of all others similarly situated,

Plaintiff - Appellant,

v.

REDDIT, INC., a California Corporation,

Defendant - Appellee.

No. 25-394

D.C. No. 3:24-cv-02760-WHO

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted April 15, 2026
San Francisco, California

Before: RAWLINSON, R. NELSON, and BADE, Circuit Judges.

Plaintiff-Appellant LevelFields, Inc. (LevelFields) individually and on behalf of a proposed class, appeals the district court's order dismissing with prejudice its First Amended Class Action Complaint (FAC). We affirm.

"Dismissal for failure to state a claim pursuant to Federal Rule of Civil

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Procedure 12(b)(6) is reviewed de novo. . . ." *Bodenburg v. Apple Inc.*, 146 F.4th 761, 767 (9th Cir. 2025) (citation and alteration omitted). "Evidentiary rulings, such as the district court's decision to consider extrinsic evidence, are reviewed for an abuse of discretion. . . ." *Doğan v. Barak*, 932 F.3d 888, 892 (9th Cir. 2019) (citation omitted). "We review a district court's dismissal with prejudice and denial of leave to amend for abuse of discretion." *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1155 (9th Cir. 2021) (citation omitted).

**1.** Under California law, a contract "should be construed as a whole," and "[u]ndefined terms must be given their plain, ordinary, and popular meaning. . . ." *Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 813 (9th Cir. 2019) (citation and internal quotation marks omitted). "The fundamental goal of contract interpretation is to give effect to the mutual intent of the parties as it existed at the time of contracting. . . ." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014–15 (9th Cir. 2012) (citation, alteration, and internal quotation marks omitted). "The construction given the contract by the acts and conduct of the parties with knowledge of its terms, before any controversy has arisen as to its meaning, is entitled to great weight and will, when reasonable, be adopted and enforced by the court. . . ." *United States Cellular Inv. Co. v. GTE Mobilnet, Inc.*, 281 F.3d 929, 937 (9th Cir. 2002) (citation omitted).

The parties dispute the meaning of the term "click." LevelFields asserts that

"click" refers to a human user and not a bot. Reddit counters that "click" refers to *any* user selecting an ad that is delivered to LevelFields' website.

Although the Agreement did not define "click," "[t]he fact that a term is not defined in the [contract] does not make it ambiguous. . . ." *Nava v. Mercury Cas. Co.*, 118 Cal. App. 4th 803, 805 (2004). The contract contained a provision acknowledging that third parties may generate clicks "for prohibited or improper purposes," and a disclaimer of reaching any particular user. This contract provision discussing potential improper clicks supports a conclusion that, at the time of contracting, the parties intended the term to be interpreted broadly. *See Skilstaf, Inc.*, 669 F.3d at 1014–15; *see also Ingenco Holdings, LLC*, 921 F.3d at 813.

**2.** The district court acknowledged LevelFields' extrinsic evidence, an email from Reddit explaining that clicks were tracked differently depending on the ad format, but concluded that this email exchange was insufficient to create ambiguity in the contract terms. *See Skilstaf, Inc.*, 669 F.3d at 1017–18. Thus, the district court did not abuse its discretion in excluding the extrinsic email evidence. *See Doğan*, 932 F.3d at 892.

**3.** The district court did not improperly resolve a factual issue in addressing the "reasonable means" used by Reddit to determine the amount of ad delivery. LevelFields admitted it does not allege that Reddit failed to use reasonable means

3                                                                          25-394

to deliver the ads.  Additionally, LevelFields agreed that there was no guarantee every ad would reach its users, and that Reddit would not deliver any specific results.  Because a party is bound by its representations, there was no factual issue to resolve.  *See Brinderson-Newberg Joint Venture v. Pac. Erectors, Inc.*, 971 F.2d 272, 280 (9th Cir. 1992), *as amended*.

**4.**  The district court did not address Reddit's alternative arguments for dismissal, including LevelFields' failure to use the exclusive claims process provided in the contract.  Because we affirm the district court's decision on different grounds than Reddit's alternative arguments, we need not address them. *See In re Point Ctr. Fin., Inc.*, 957 F.3d 990, 995 (9th Cir. 2020).

**5.**  Granting a motion to dismiss with prejudice is appropriate when a party has previously been granted leave to amend, especially when further amendment would be futile.  *See Herring Networks, Inc.,* 8 F.4th at 1161; *see also Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020).

**AFFIRMED**.